# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TONIA ERDEI,

Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,[1]

Defendant.

_______________________________________/

Case No. 1:26-cv-01929-SKO

ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT

(Doc. 1)

## I. INTRODUCTION

Plaintiff Tonia Erdei ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for Supplemental Security Income (SSI) under the Social Security Act (the "Act"). (Doc. 1.) The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[2]

## II. FACTUAL BACKGROUND

Plaintiff was born in 1993, has at least a high school education, and has no prior work. (Administrative Record ("AR") 29, 44, 57, 75, 206.) Plaintiff filed a claim for SSI payments on

---

[1] On May 6, 2025, Frank Bisignano was appointed the Commissioner of the Social Security Administration. *See* https://www.ssa.gov/news/press/releases/2025/#2025-05-07. He is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (*See* Doc. 9.)

October 5, 2022, alleging she became disabled on the application date due to physical and mental problems; anemia; gastrointestinal problems; gastroesophageal reflux disease (GERD); vertigo; vitamin D deficiency; brain damage; scoliosis; unaligned hips; back, knee, and wrist problems, temporomandibular joint (TMJ) dysfunction; migraine headaches; pain; anxiety; depression; major depressive disorder; post-traumatic stress disorder (PTSD); borderline personality disorder; and nerve damage. (AR 17, 23, 58, 205.)

**A. Relevant Evidence of Record**[3]

In September 2024, Plaintiff presented for a mental evaluation by psychological consultative examiner Alicia L. Boyd, Psy.D. (AR 613–16.) On examination, Dr. Boyd found Plaintiff's grooming and hygiene poor, as she was "disheveled and odorous." (AR 615.) Plaintiff's mood was "nervous" with congruent affect. (AR 615.) Thought processes were linear and goal directed. (AR 615.) She denied suicidal and homicidal plan or intent. (AR 615.) She demonstrated good judgment. (AR 615.) Her mental flexibility was poor. (AR 615.) Plaintiff was oriented in four spheres. Her memory was intact for immediate recall with deficits in delayed recall. (AR 615.) Plaintiff's attention and concentration were impaired as she was unable to spell the word "world" backward. (AR 615.) Her "visuospatial praxis" was impaired as she was unable to copy a drawing onto another paper. (AR 615.) Plaintiff's score on the Mini-Mental Status Examination (MMSE) was 27/30, which was deemed "not suggestive of neurocognitive impairment." (AR 615.) Dr. Boyd diagnosed Plaintiff with "unspecified mood disorder" and "borderline personality disorder (provisional)." (AR 615.)

Dr. Boyd opined that Plaintiff had no impairment in her ability to "understand, remember, and carry out" simple and complex instructions, and to "perform work activities on a consistent basis without special or additional instruction." (AR 616.) Dr. Boyd further found that Plaintiff's ability to "maintain concentration, attention, persistence and pace" was mildly impaired, and she was moderately impaired in her ability to "interact with coworkers and the public"; to "maintain regular attendance and complete a normal workday or workweek without interruptions from a psychiatric

---

[3] Because the parties are familiar with the record evidence, it is summarized here only to the extent relevant to the contested issues.

condition"; and to "deal with the usual stressors encountered in the workplace." (AR 616.)

**B. Administrative Proceedings**

The Commissioner denied Plaintiff's application for benefits initially on March 28, 2023, and again upon reconsideration on October 4, 2024. (AR 17, 85–90, 101–108.) Consequently, Plaintiff requested a hearing before an Administrative Law Judge (ALJ). (AR 109–75.) At a hearing held on April 24, 2025, Plaintiff appeared telephonically with her attorney and testified before an ALJ as to her alleged disabling conditions. (AR 43–51.) A Vocational Expert (VE) also testified at the hearing. (AR 51–55.)

**C. The ALJ's Decision**

In decision dated May 19, 2025, the ALJ concluded that Plaintiff was not disabled. (AR 17–31.) The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 416.920. (AR 19–31.) The ALJ decided that Plaintiff had not engaged in substantial gainful activity since October 5, 2022, the application date (step one). (AR 19.) At step two, the ALJ found Plaintiff's following impairments to be severe: obesity, syncope, straightening of the cervical lordosis, hypertension, anxiety disorder, depressive disorder, posttraumatic stress disorder, and personality disorder. (AR 19–20.) The ALJ further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three). (AR 20–22.)

The ALJ then assessed Plaintiff's residual functional capacity (RFC)[4] and applied the assessment at steps four and five. *See* 20 C.F.R. § 416.920(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps."). The ALJ determined that Plaintiff had the RFC:

[4] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours per day, for 5 days per week, or an equivalent work schedule. TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996). The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id.* "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

> to perform medium work as defined in 20 CFR 416.967(c) except she can frequently climb, balance as that term is defined in the Dictionary of Occupational Titles (DOT), stoop, kneel, crouch, and crawl, and must avoid concentrated exposure to hazards. She can understand, remember and carry out simple instructions and can interact with supervisors, coworkers and the general public frequently.

(AR 22–29.) Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms[,]" the ALJ rejected Plaintiff's subjective testimony as "not entirely consistent with the medical evidence and other evidence in the record." (AR 26.)

The ALJ determined that Plaintiff had no past relevant work (step four) but that, given her RFC, she could perform a significant number of jobs in the national economy (step five), including window cleaner, stores laborer, and bagger. (AR 29–31.) The ALJ concluded that Plaintiff has not been under a disability since October 5, 2022, the date the application was filed. (AR 31.)

Plaintiff thereafter sought review of this decision before the Appeals Council, which denied review on January 23, 2026. (AR 1–6.) Therefore, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. § 416.1481.

## III. LEGAL STANDARD

### A. Applicable Law

An individual is considered "disabled" for purposes of disability benefits if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they] are not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920. The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see, e.g.*, 20 C.F.R. § 416.920(a)(4) (providing the "five-step sequential evaluation process" for SSI claimants). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920.

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B. Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence . . . is 'more than a mere scintilla,'" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). *See also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

"This is a highly deferential standard of review . . . ." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Additionally, "[t]he court will uphold the ALJ's conclusion when the

evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.") (citations omitted).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). "An error is harmless only if it is 'inconsequential to the ultimate nondisability determination.'" *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

## IV. DISCUSSION

Plaintiff contends that the ALJ's RFC assessment lacks substantial evidence because there is no medical opinion to support the assessed limitations and the ALJ improperly evaluated the medical opinion of psychological consultative examiner Dr. Boyd. (Doc. 13.) The Commissioner responds that substantial evidence supports the RFC and the ALJ properly evaluated the medical opinion of Dr. Boyd. (Doc. 14.)

For the reasons that follow, the Court finds that the ALJ harmfully erred in failing to address adequately the persuasiveness of Dr. Boyd's opinion, resulting in an unsupported RFC, and on that basis will reverse and remand the action for further proceedings.[5]

---

[5] Because further proceedings will necessitate the re-evaluation of medical opinion evidence and re-assessment of the RFC, the undersigned shall not reach Plaintiff's additional allegation of error directed to the current RFC. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Rendon G. v. Berryhill*, No. EDCV 18-0592-JPR, 2019 WL 2006688, at *8 (C.D. Cal. May 7, 2019); *Harris v. Colvin*, No. 13-cv-05865 RBL, 2014 WL 4092256,

**A. Legal Standard**

An ALJ "cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source" and "explain how [it] considered the supportability and consistency factors' in reaching these findings." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(b)); *see also* 20 C.F.R. § 416.920c(b). The Social Security Administration's regulations provide that the most important factors to consider when evaluating the persuasiveness of medical opinions are "supportability" and "consistency." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Supportability refers to "the extent to which a medical source supports the medical opinion by explaining the 'relevant... objective medical evidence.'" *Woods*, 32 F.4th at 791–92 (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also* 20 C.F.R. § 416.920c(c)(1). Consistency refers to "the extent to which a medical opinion is 'consistent...with the evidence from other medical sources and nonmedical sources in the claim." *Id*. at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also* 20 C.F.R. § 416.920c(c)(2).

*Woods* makes clear that to reject properly a medical opinion under the substantial evidence standard, the ALJ "must articulate how persuasive it finds all the medical opinions from each doctor or other source and explain how it considered the supportability and consistency factors in reaching these findings." *Id*. (quoting 20 C.F.R. § 404.1520c(b)); *see also* 20 C.F.R. §416.920c(b).

**B. Analysis**

As set forth above, and as pertinent here, psychological consultative examiner Dr. Boyd opined that Plaintiff was moderately impaired in her ability to "interact with coworkers and the public"; to "maintain regular attendance and complete a normal workday or workweek without interruptions from a psychiatric condition"; and to "deal with the usual stressors encountered in the workplace." (AR 616.) The ALJ deemed Dr. Boyd's opinion "not persuasive," finding it was

> not supported by her exam or consistent with the record as whole. Dr Boyd seem [*sic*] to rely on [Plaintiff's] subjective complaints, which as discussed above are not entirely consistent with objective findings in the record or her daily activities.

---

at *4 (W.D. Wash. Aug. 11, 2014); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

(AR 29.) The foregoing is the entire persuasiveness discussion directed to Dr, Boyd's opinion, and it is not sufficient. Although "the [] regulations eliminate the previous hierarchy of medical opinion testimony that gave special status to treating physicians, ALJs must still provide sufficient reasoning for federal courts to engage in meaningful appellate review." *Shannon B. v. Comm'r, Soc. Sec. Admin*., Case No. 6:21-cv-01144-HL, 2023 WL 371650, at *5 (D. Or. Jan. 24, 2023) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (explaining that "a reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection" of certain evidence), and *Treichler v. Comm'r of Soc. Sec. Admin*., 775 F.3d 1090, 1103 (9th Cir. 2014) ("Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence.").)

With respect to the supportability factor, the ALJ determined that Dr. Boyd's opinion is "not supported by her exam," but did not cite to any findings or otherwise explain ***how*** her examination does not support the opined limitations, as the regulations require. In fact, Dr. Boyd's examination of Plaintiff included several findings that tend to support the opined social and adaptive moderate limitations, such as poor grooming and hygiene, nervous mood and affect, poor mental flexibility, deficits in delayed recall, and impaired attention, concentration, and "visuospatial praxis." (AR 615.) In the absence of any explanation as to how these and the other examination findings do not support the opined limitations, the ALJ's supportability analysis lacks substantial evidence.[6] *See, e.g., Schmitzer v. O'Malley*, No. 1:22-CV-1038 JLT BAM, 2024 WL 4345772, at *5 (E.D. Cal. Sept. 30, 2024) (finding error in the supportability discussion where "the ALJ did not make any findings as to what extent—if any—Dr. Pietruszka supported the limitations identified in" the opinions and "failed to explain to what extent Dr. Pietruszka's own treatment records did not support his opinions."); *Katherine D. v. Comm'r, Soc. Sec. Admin*., No. 6:20-CV-1920-MO, 2024 WL 244625,

---

[6] The ALJ's observation that Dr. Boyd "seem[ed] to rely on [Plaintiff's] subjective complaints" (AR 29) does not salvage the shortcomings of their supportability evaluation, as the Ninth Circuit has cautioned that "mental health professionals frequently rely on the combination of their observations and the patient's reports of symptoms (as do all doctors) . . . . To allow an ALJ to discredit a mental health professional's opinion solely because it is based to a significant degree on a patient's 'subjective allegations' is to allow an end-run around our rules for evaluating medical opinions for the entire category of psychological disorders." *Ferrando v. Comm'r of Soc. Sec. Admin*., 449 F. App'x 610, 612 n.2 (9th Cir. 2011). *See also Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1200 (9th Cir. 2008) (finding that the ALJ's conclusion that the medical expert relied only on self-reported symptoms rather than his own observations was unsupported).

at *6 (D. Or. Jan. 23, 2024) ("Regarding 'supportability,' the ALJ erred by failing to discuss the strength of the evidence underlying Dr. Hallenburg's conclusions."); *Ann M. v. Kijakazi*, No. 2:23-CV-01081-MAA, 2024 WL 39193, at *5 (C.D. Cal. Jan. 3, 2024) (finding a supportability analysis insufficient where "the ALJ did not explain why she found [the medical] opinions not supported, nor did she cite any findings in [the] treatment notes that demonstrate a lack of support").

The ALJ's evaluation of the consistency factor is similarly deficient. The ALJ found that Dr. Boyd's opinion was not "consistent with the record as a whole," but did not specify ***what*** evidence in the record was inconsistent with the opinion and ***how*** it was inconsistent. This determination therefore lacks substantial evidence. *See, e.g., Rios v. O'Malley*, No. 1:22-cv1164-HBK, 2024 WL 280602, at *5 (E.D. Cal. Jan. 25, 2024) (remanding when ALJ did not "provide the requisite explanation" regarding consistency); *Beltran v. Kijakazi*, No. 1:21-cv-00603-JLT-BAM, 2023 WL 6164105, at *5 (E.D. Cal. Sept. 21, 2023) (finding that the ALJ did not "clearly address the consistency factor" because they did not "explain the extent to which the limitations identified by [the opining physician] are inconsistent with other evidence in the record, including the opinions from other medical sources and nonmedical evidence."). While Commissioner points to other evidence in the record to support the ALJ's conclusion (*see* Doc. 14 at 6–7), this is the sort of *post hoc* rationale that is impermissible in the Social Security context. *See Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) ("We are constrained to review the reasons the ALJ asserts."); *Stout v. Comm'r Soc. Sec. Admin*, 454 F.3d 1050, 1054 (9th Cir. 2006) (a reviewing court cannot affirm an ALJ's decision denying benefits on a ground not invoked by the ALJ himself); *Walker v. Comm'r of Soc. Sec.*, No. 2:22-CV-01871-EJY, 2024 WL 64784, at *4 n.4 (D. Nev. Jan. 4, 2024) ("In response to Plaintiff's motion, the Commissioner specifically addresses the supportability and consistency factors and provides citations to the record. Unfortunately these are *ad hoc* rationales the Court cannot consider."). *See also Sarishamshajian v. Kijakazi*, No. 1:22-CV-00499-SKO, 2023 WL 6049883, at *6 (E.D. Cal. Sept. 15, 2023) ("[N]either the Court, nor the Acting Commissioner, may *post-hoc* comb the administrative record to find support for the ALJ's finding as to the persuasiveness of [a medical] opinion.) (internal quotations omitted).

The Court is aware of the general proposition that ALJ's are to resolve ambiguities and

conflicts in the record. *Ford*, 950 F.3d at 1154. It is also mindful of the deference desired by the agency in promulgating its regulations. However, the text of the regulations explicitly requires an explanation of how the ALJ considered the supportability and consistency of an opinion. 20 C.F.R. § 416.920c(b)(2). Harmonizing this requirement with Ninth Circuit law requiring a detailed and thorough summary of conflicting evidence, and an interpretation and findings thereon, the ALJ must explicitly address evidence that supports and is consistent with a less-than-persuasive medical opinions, and should this evidence fail to persuade, the ALJ must provide legally sufficient reasons. *See Buethe v. Comm'r of Soc. Sec.*, No. 2:20-cv-552-KJN, 2021 WL 1966202, at *7 (E.D. Cal. May 17, 2021) (citing *Lambert*, 980 F.3d at 1277) ("[T]he ALJ must provide sufficient reasoning that allows [for] review.")); *see also Woods*, 32 F.4th at 792 (holding that an ALJ can "reject an examining or treating doctor's opinion as unsupported or inconsistent" if the ALJ "provide[es] an explanation supported by substantial evidence"). This the ALJ did not do, and therefore the Court declines to find substantial evidence supports the ALJ's the RFC. *See Garmany v. O'Malley*, No. 1:23-CV-00607-HBK, 2024 WL 3105824, at *6 (E.D. Cal. June 24, 2024) (errors in addressing medical opinion evidence "calls into question whether the assessed RFC . . . [is] supported by substantial evidence").

**C. Harmless Error Analysis**

The ALJ's erroneous analysis of the persuasiveness of Dr. Boyd's opinion is not harmless. Errors are harmless when a reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the [evidence], could have reached a different disability determination." *Stout v. Comm'r, Social Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). Here, the VE testified that an individual cannot be off task more than 9% of the workday or absent more than five times per year and still be employable. (AR 54.) In addition, district courts in the Ninth Circuit have held that moderate limitations in the ability to maintain regular attendance and to deal with stress in the workplace, as opined by Dr. Boyd, are not accounted for by a restriction to simple work in the RFC. *See Starnes v. Bisignano*, No. 1:25-CV-01221-SKO, 2026 WL 1747042, at *6 (E.D. Cal. June 17, 2026) (collecting cases); *Chan v. Bisignano*, No. 1:25-CV-01479-SKO, 2026 WL 807520, at *5 (E.D. Cal. Mar. 24, 2026) (same).

The undersigned therefore cannot "confidently conclude" that "no reasonable ALJ" considering Dr. Boyd's opinion could have reached a different disability determination. *Stout*, 454 F.3d at 1056. *See David C. v. Comm'r of Soc. Sec.*, No. 23-CV-0655-WQH-MMP, 2024 WL 3596856, at *12 (S.D. Cal. July 31, 2024) (error not harmless where the Court finds the ALJ erred by failing to address adequately the supportability factor when evaluating a medical opinion); *see also Suzi Marie H. v. O'Malley*, No. 3:22-cv-01963-WQH-AHG, 2024 WL 965233, at *14 (S.D. Cal. Mar. 5, 2024) (determination that medical opinions were unpersuasive without providing an explanation supported by substantial evidence was "not inconsequential since it could have impacted the final RFC.").

**D. Remand for Further Proceedings**

The decision whether to remand a matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the district court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Notably, except in rare instances, when a court reverses an agency's determination, the proper course is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)).

Here, the Court finds that remand for additional proceedings is necessary because the persuasiveness of Dr. Boyd's opinion must be analyzed further before a determination of disability may be made.[7] *See* 20 C.F.R. § 416.920c(c)(2); *see also Cesar C. v. Dudek*, No. 1:24-CV-03177-EFS, 2025 WL 1065959, at *10 (E.D. Wash. Apr. 9, 2025) (remanding for further proceedings where the ALJ "failed to address the supportability of [medical] opinions in any meaningful way"); *Arroyo v. Comm'r of Soc. Sec.,* No. 2:22-CV-00360-DMC, 2023 WL 3853485, at *8 (E.D. Cal. June 6, 2023) (remanding for further proceedings where the ALJ failed to explain how a physician's opinion was inconsistent with other objective medical evidence); *cf. Emily B. v. Kijakazi*, No. 4:20-CV-05174-SMJ, 2022 WL 17224299, at *6 (E.D. Wash. Sept. 14, 2022) (observing that the revised regulations rejected application of the Ninth Circuit's "credit-as-true" doctrine to medical opinions

---

[7] As to the ultimate outcome of Plaintiff's claim, the Court expresses no opinion as to the level of persuasiveness that should be ascribed to the opined limitations. Nor does the Court express what Plaintiff's RFC ultimately should be. These are for the ALJ to decide. *Ford*, 950 F.3d at 1154.

and the commentary expressly stated: "it is never appropriate under our rules to 'credit-as-true' any medical opinion").

## V. CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is, therefore, VACATED. The case is REMANDED to an ALJ for further proceedings consistent with this Order. The Clerk of Court is DIRECTED to enter judgment in favor of Plaintiff Tonia Erdei and against Defendant Frank Bisignano, Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **August 17, 2026**

/s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE